**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PATRICIA DAILEY,

        Plaintiff,

v.                                                                   Case No. 06-CV-14068-DT

JOHNNY ANDERSON,

        Defendant.

_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT
UNDER 28 U.S.C. § 1915(e)**

On September 15, 2006, Plaintiff Patricia Dailey initiated this lawsuit against

Defendant Johnny Anderson.  In a separate order, the court has granted Plaintiff's

application to proceed *in forma pauperis*, and will now dismiss Plaintiff's complaint

pursuant to 28 U.S.C. § 1915(e).

**I.  STANDARD**

Complaints filed *in forma pauperis* are subject to the screening requirements of

28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section

1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous,

fail to state a claim upon which relief can be granted, or that seek monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *McGore v.

Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it

lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).  A plaintiff fails to state a claim upon which relief may be granted, when,

construing the complaint in a light most favorable to the plaintiff and accepting all the

factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

Also, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction and, therefore, there must be a sufficient jurisdictional basis on which to bring a claim in federal court.  The basic statutory grants of subject matter jurisdiction for federal courts are contained in 28 U.S.C. § 1331, which provides for "federal question" jurisdiction, and 28 U.S.C. § 1332, which provides for "diversity of citizenship" jurisdiction.  Although Plaintiff's complaint does not contain any specific jurisdictional allegation, it is clear from Plaintiff's complaint and civil cover sheet that diversity jurisdiction does not exist in this case.  Diversity jurisdiction requires that the opposing parties be citizens of different states, 28 U.S.C. § 1332(a)(1), and in this case both parties are citizens of Michigan.  (*See* Civil Cover Sheet.)

Thus, at least an arguable basis for federal-question jurisdiction is required in order to survive the court's screening under § 1915(e).  A plaintiff properly invokes

2

federal-question jurisdiction when she pleads a colorable claim "arising under" the Federal Constitution or laws. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank,* 299 U.S. 109, 112-13 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Here, Plaintiff's *pro se* complaint presents a variety of allegations against Defendant, but all of them clearly rely on state law. (Compl. at 1-2.) Plaintiff asserts allegations relating to, at least, fraud, assault, theft and property damage. (*Id.*) None of these allegations, however, implicate a federal question. Absent diversity of citizenship or supplemental jurisdiction, this court simply lacks jurisdiction over state law claims.

### III.  CONCLUSION

Inasmuch as it is apparent from the face of the complaint that the court lacks subject matter jurisdiction over this case,

IT IS ORDERED that Plaintiff's complaint is DISMISSED pursuant to 42 U.S.C. § 1915(e).

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 2, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 2, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-14068.DAILEY.1915.SMJ.Dismissal.wpd

4